UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GENE DIEHL,

                Plaintiff,         Case No.: 12-cv-11522
                                             Honorable Paul D. Borman
      v.                                     Magistrate Judge David R. Grand

HOPE HUNTER, *et. al.*,

                Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR CONTINUANCE [20]

On April 4, 2012, Plaintiff Gene Diehl filed the instant action related to events that allegedly took place while he was apparently being housed at SHAR Macomb Inc. SHAR provides a continuum of substance abuse services, including for individuals who are under correctional supervision, such as parolees. (Doc. #12 at 9).

After being convicted of multiple offenses related to operating a motor vehicle while impaired, Plaintiff was incarcerated by the Michigan Department of Corrections until December 22, 2011 when he was paroled. (*Id.*). As part of his parole conditions (to which he consented), he was ordered to participate in SHAR's "Safe & Sober" program, which appears to have been a residential program of some sort. (*Id.*). In his complaint, Plaintiff alleges, only in the most general terms, that while he was being housed at SHAR he was denied access to the courts which "at the least delayed [his] appeal if not [permanently] [sic] ruined [his] chance for an effective appeal." (Doc. #1 at 3). He sued SHAR, one of its employees, and two parole agents.

On September 19, 2012, SHAR filed a motion to dismiss in which it argues that Plaintiff failed to provide it "with 'fair notice' of what his claims are and the grounds upon which they

rest." (Doc. #12 at 12). SHAR notes that Plaintiff's complaint only mentions it twice, once to state the situation has become "a laughing matter to … SHAR Macomb," and once to state that "SHAR Macomb should be held responsible for my time lost." (*Id.*). After Plaintiff failed to timely file a response to SHAR's motion, the court issued an order requiring him to file his response by November 5, 2012. (Doc. #18). Plaintiff did not do so. Rather, on November 13, 2012, Plaintiff filed a motion for continuance, requesting "at least ninety days" to file his response. (Doc. #20 at 1). In support of his request, Plaintiff, who has been proceeding *pro se*, asserts that he has had difficulty receiving the court's orders in a timely manner and is in the process of hiring counsel to represent him.

While the court is cognizant of Plaintiff's *pro se* status, it notes that SHAR's motion to dismiss is concise, straightforward, and does not involve complex questions of fact or law. It has already been pending for almost two months. The court finds that an additional 45-day extension provides a sufficient time for Plaintiff to respond to the motion, with or without counsel.

Therefore, **IT IS ORDERED** that Plaintiff's response to SHAR's motion to dismiss is due **ON OR BEFORE January 2, 2013**. SHAR's Reply is due **ON OR BEFORE January 16, 2013**.

Dated: November 15, 2012              s/David R. Grand
Ann Arbor, Michigan                   DAVID R. GRAND
                                      United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 15, 2012.

                                            s/William Barkholz for Felicia M. Moses
                                            FELICIA M. MOSES
                                            Case Manager